UNITED STATES of America, Plaintiff,

v.

Sidney WYMAN, Charles J. Rich, Edward B. Fischer, Ralph M. Leon, Defendants.

UNITED STATES of America, Plaintiff,

v.

Sidney WYMAN, Charles J. Rich, Defendants.

Nos. 18715, 18718.

United States District Court,
W. D. Missouri, W. D.
July 13, 1954.

Edward L. Scheufler, U. S. Atty., Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Morris A. Shenker, St. Louis, Mo., for defendants.

RIDGE, District Judge.

Defendants Sidney Wyman, Charles J. Rich, Edward B. Fischer and Ralph M. Leon, doing business under the partnership name of C. J. Rich and Company, Post Office Box 1346, St. Louis, Missouri,

are charged by indictment in Case No. 18715, with having, during the calendar year 1950, made "net payments" of $600 or more, each, to twelve individuals, named in said indictment, and with willfully and knowingly failing to make "a return on United States Treasury Department Internal Revenue Service Form 1096, to the Commissioner of Internal Revenue, Processing Division, C. C. Station, Kansas City 2, Missouri," setting forth such payments on Form 1099, attached thereto, as required by Section 147(a) of the Internal Revenue Code, 26 U.S.C.A. § 147(a), and Treasury Regulation No. 111, Section 29.147–1, as amended; all in violation of Section 145(a) of the Internal Revenue Code, 26 U.S.C.A. § 145.

In Case No. 18718, an indictment in two counts was returned against the defendants Wyman and Rich. In the first count thereof, it is charged that on or about January 2, 1951, said defendants "did willfully and knowingly make and subscribe and file and cause to be filed with the Commissioner of Internal Revenue, in care of Processing Division, C. C. Station, Kansas City 2, Missouri, a false annual information return, U. S. Treasury Department Form 1096 for Wyman and Rich, 5548 Delmar, St. Louis 12, Missouri, for the calendar year 1950," which they did not believe to be true and correct "as to every material matter," in that said return declared that only five United States Treasury Department Forms 1099, attached thereto, showing that Wyman and Rich had made payments totaling $600 or more each, to five persons during the calendar year 1950, were all such payments so made, when, in truth and in fact as they then and there knew, Wyman and Rich had made payments of $600 or more to fifteen other persons; all in violation of Section 3809 (a) of the Internal Revenue Code, 26 U.S.C.A. § 3809(a).

Count 2 of said indictment charges that defendants Wyman and Rich "did willfully and knowingly aid and assist, and counsel, procure and advise the preparation and presentation to the Com-

missioner of Internal Revenue" the same false Form 1096 Return for the year 1950 charged as having been falsely made as in Count 1 of said indictment. The falsity and imperfections alleged with respect to that charge are the same fifteen payments made by the partnership as charged in Count 1, as to which they failed to report. The defendants are charged with aiding and assisting, counseling and procuring the preparation and filing of that return in Count 2 of the indictment, in violation of Section 3793 (b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 3793(b) (1).

Presently before the Court is defendants' motion to dismiss both the above indictments, on numerous grounds. Those presented by the suggestions filed in support of said motion are: (1) that the statute and regulations upon which the indictments are based are so vague and indefinite as to make the standard of guilt conjectural, hence an indictment thereon cannot be sustained; (2) because the Court has no jurisdiction over the persons of the defendants in Cause No. 18715; (3) because Count 2 of the indictment in Cause No. 18718 does not allege facts constituting an offense against the laws of the United States; (4) because the indictments are discriminatory in nature and deprive defendants of the equal protection of the laws; (5) because an alleged violation of Section 147 of the Internal Revenue Code does not constitute a criminal offense; and (6) that under any circumstances defendants Wyman and Rich may not be charged in both indictments with the violation of Section 147(a), supra, of the Internal Revenue Code, for the same calendar year, because only one prosecution per year for alleged violations of said section may be maintained.

In support of assignment (1) supra, "It is the contention of these defendants that the plaintiff seeks to give too broad a meaning to (the term 'fixed or determinable income' as in 147(a) supra) and that income from gambling payments may not be reasonably inferred

as coming within the language of the statute or regulations for the purpose of a criminal prosecution." The gist of such contention appears to be that defendants say they cannot determine from the statutory language or regulations considering the manner of operation of a gambling enterprise, whether they are required to file the pertinent Treasury Informational Forms 1099 and 1096 in the case of gambling payments.

If a difficulty exists in that respect, it is not because plaintiff seeks to give too broad a meaning to the statutes and regulations in question, but because defendants overlook and misconceive the premise and statutes under which the instant indictments are brought. Defendants' contention that the returns required to be made under Section 147(a) supra are only with respect to payments made as to "fixed or determinable income," cannot be sustained. The plain and explicit wording of the regulations and statute clearly reveals that they are concerned with payments of $600 or more by "all persons, *in whatever capacity* * * * making payment to another person, of * * * emoluments, or other fixed or determinable gains, profits, and income".

██ The argument which defendants proffer, that from the manner in which gamblers do business it cannot easily be determined that the statute or regulations apply to their transactions, is extremely fallacious. Without going into categories and classifications of any transactions conducted by defendants in their gambling enterprise, whether on credit, for cash, by laying off bets, or receiving and paying same through agents, suffice it to say that defendants certainty know when a customer or person wins or loses in any given transaction, and whether they have paid to any such person $600 or more as "determinable gains, profits, and income," in any taxable year. In United States v. Carroll, D.C., 117 F. Supp. 209, Judge Duncan thoroughly considered similar contentions as presently made by defendants. In the Carroll

case the clear applicability of the statute and regulations in question to gambling transactions is pointed out. We could not begin to expatiate or enlarge on what Judge Duncan there said as to the applicability of the statute or regulations in question, or the analysis he made with respect to gambling transactions. To demonstrate the applicability of the statute and regulations to their business, defendants need only adhere to what Judge Duncan said in the Carroll case, 117 F.Supp. loc. cit. 214: "The question the payor must determine is whether or not such amount represents gains, profits or income insofar as the relations between him and the payee are concerned." That is the clear mandate as to the duty imposed upon "all persons, in whatever capacity", as to whether he must file 1096 and 1099 forms as required by Section 147(a) supra, and Treasury Regulations made pursuant thereto. A failure to determine that matter and file 1096 and 1099 Treasury Forms as required is made an offense by Section 145(a) of the Internal Revenue Code. 26 U.S.C.A. § 145(a).

Defendants' second contention, that the alleged offense of failure to file the forms in question may be prosecuted only at the place of the defendants' residence, or their place of business, or at the place where the alleged payments were made, is without merit.

Section 147 of the Internal Revenue Code provides, in part, that the "return" therein prescribed is to be made "to the Commissioner, under such regulations and in such form and manner and to such extent as may be prescribed by him with the approval of the Secretary * * *." Section 29.147–1 of Regulation No. 111, requires that 1096 Forms "should be filed with the Commissioner of Internal Revenue, Processing Division, C. C. Station, Kansas City 2, Missouri." Section 145 of the Internal Revenue Code makes *failure to file* a return as "required by law or regulations made under authority thereof" an offense in violation of the Internal Revenue Code.

**280**

■■ Since the statute does not indicate where Congress considered the place of committing an offense of failure to file a return to be, it is necessary to decide where the crime is committed to ascertain what duty it was the failure to perform which constitutes the crime. The only conclusion to be reached is that failure to comply with a regulation under the Internal Revenue Code as to where a particular act is to be performed constitutes a crime at the place where the compliance must be made. Judge Duncan so concluded in United States v. Carroll, supra, and we believe rightly so, in light of United States v. Commerford, 2 Cir.; 64 F.2d 28; United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529; United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed 897; Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983; Jones v. Pescor, 8 Cir., 169 F.2d 853. The offense charged in Indictment 18715 is the failure to do the single act required by the Internal Revenue Code and rules and regulations issued pursuant thereto, to wit, to file a 1096 Form with the Commissioner in Kansas City, Missouri, in the manner prescribed. The venue of such an offense is within the jurisdiction of this Court. United States v. Carroll, supra.

■ Although defendants Wyman and Rich do not, in their suggestions filed in support of the motion to dismiss the indictment in Case No. 18718, challenge our jurisdiction on the ground of improper venue, they do make such an assignment as a ground for dismissal in their said motion filed in that action. Because we find merit in such assignment, and are required to examine into our own jurisdiction though not raised by the parties, we now consider that matter.

In Count 1 of said indictment, defendants are charged under Section 3809(a) with having willfully made and subscribed to a return "which they did not believe to be true and correct as to every material matter." In Count 2 thereof,

the charge is that the defendants willfully and knowingly aided, assisted, counseled, procured and advised the "preparation and presentation of a false" return, under Section 3793(a) (1). The inference from both such charges is that the acts complained of were committed in the Eastern Judicial District of Missouri, and not is this District.

■ Although the filing of the returns there referred to was effected in this District, it is obvious that neither statute under which the charges aforesaid are laid is concerned with the act of filing of returns. The nearest approach either such statute has to the filing of a return is by the use of the term "presentation" in Section 3793(a) (1), supra. As there used, "presentation" could be held to mean "appearance, exhibition or representation." It could also include "offer, giving or bestowal." Webs. Int. Dict., 2nd Ed. If it was intended to include or refer to the place of filing a return, then the query arises, may not a return be so "presented, offered or bestowed" when placed in the United States Mail by the person who prepared it for filing. Regardless, the "preparation" of a false or fraudulent return is essential to any unlawful "presentation" of such a return. The commission of the former is essential to the commission of the latter. Proof of one, however, will not sustain proof of the other. That being so, then the offense charged in each count of the above indictments and the statutes supra under which they are laid, are concerned with the "commission" of an unlawful act, and not the mere "omission" to perform an act, as considered in connection with the indictment in 18715.

■ The preparation of a return is a lawful or unlawful act according to the intent and manner of its preparation. The work of preparation is ended before it can be presented. The making of a false affidavit is complete when the false oath, or subscription, has been completed. The aiding or assisting in either such matter is an offense when the return has been prepared, or the oath has

been subscribed. In either such case the venue is the same and at the place where the preparation has been completed and subscription effected. Cf. United States v. Kelley, 2 Cir., 105 F.2d 912, 916.

█ Assuming that the act of preparation of the return in question and subscription thereto did not occur in this District, then the only possible jurisdiction we could have over either of the above charges is as to Count 2, on the theory of a continuing offense. Under such theory, the unlawful preparation of a return might be considered as essential to its unlawful presentation. However, if it is so considered, then there must be proof of the act of presentation in this District. Absent proof of such an act, we do not believe venue can be said to be in this District. Cf. New York Cent. & H. R. R. Co. v. United States, 2 Cir., 166 F. 267, 270.

█ In light of the foregoing, we do not have jurisdiction of Count 1 of the indictment in Case No. 18718, supra, for lack of venue. Cf. United States v. Moody, D.C.Mo., 102 F.Supp. 315. We reserve ruling on such matter as to Count 2 thereof. If the Government has no proof other than "presentation" by act of mailing, then we shall rule that we do not have jurisdiction of that count, either.

Under Point 3 of their suggestions in support of motion to dismiss, defendants assert that Count 2 of the indictment in Case No. 18718 does not allege any facts constituting an offense against the laws of the United States. The gist of such contention is that the statute, 26 U.S.C.A. § 3809(a), under which the charge there made is laid was not enacted for the purpose of prosecuting persons required or authorized to make a return, but, rather, those who advise and assist in the preparation of a return for the person or persons required to file the same. Defendants argue that if, as partners, they did, all as alleged in said count, i. e. fail to report the additional fourteen payments enumerated therein, then the defendants were the persons re-

quired to file the particular information forms with the Commissioner of Internal Revenue, and they could not be charged with aiding and assisting, or advising the doing of the thing that was done, namely the filing of a false informational form for the year in question by the partnership.

█ There is no merit to the contention so made by defendants. The charge contained in Count 2, supra, is laid under Section 3793(b) (1), Title 26 U.S.C.A. The indictment charges a partnership to exist between the defendants Wyman and Rich. A partnership is defined in Section 3797(a) (2) of the Internal Revenue Code. Under Section 3793(b) (2) of the Code, the term "person" as used in Section 3793(b) (1) under which the charge in Count 2 is laid, "includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." Such inclusion does not "exclude other things otherwise within the meaning" of the term "person" as used in Section 3793 (b) (1). Cf. Section 3797(a) (1, 2) and (b). Hence, absent evidence as to the duty imposed upon a particular partner to file informational returns for the partnership, the presumption is that each such partner was under a duty to perform that act on behalf of the partnership. A partnership, under the Internal Revenue Code, is a separate entity from the individuals constituting the partnership "for the purposes of information." Cf. Rossmoore v. Com'r of Inter. Rev., 2 Cir., 76 F.2d 520, 521; Levin v. United States, 9 Cir., 5 F.2d 598; Morris v. United States, 9 Cir., 12 F.2d 727. If both partners executed a false return and filed the same with the Commissioner of Revenue, then we think they would be properly charged under Section 3793(b) (1) as in the second count of the indictment. If only one partner is charged with the duty of filing such returns, and there is no evidence that the other partner willfully aided, assisted,

procured, counseled, or advised preparation or presentation of such return, then such other partner could not be held liable for the offense denounced in Section 3793(b) (1). A determination of that matter could only abide the formal evidence adduced at a trial on said charge.

■ Section 3793(b) (1) was intended to include all persons aiding and abetting, encouraging, advising the preparation or presentation in connection with any matter arising under the Internal Revenue laws, or a false or fraudulent return, etc. In light of the definition in Section 3793(b) (2), it also includes those officers or employees of a corporation or partnership who performed the act in preparing and presenting any such matter to the Commissioner of Internal Revenue. The charge made in the second count is that the partnership of Wyman and Rich made the nineteen payments which required the filing of a 1099 return, and that the individual defendants aided and assisted and counseled the partnership to file a return showing only five payments as having been made by the partnership during the calendar year in question. Such a charge is an offense against the Internal Revenue Code. Cf. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Tinkoff v. United States, 7 Cir., 86 F.2d 868.

■ Under Point 4 of their suggestions, defendants seek to have the instant indictments dismissed because "defendants have evidently been singled out for prosecution thereon where no authorization by the Commissioner of Internal Revenue, or direction by the Attorney General have been given for the commencement of these" criminal actions. The substance of such contention is that under Section 3740 of the Internal Revenue Code it is provided that "No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit

be commenced." The instant action is not one for the "recovery of taxes, or of any fine, penalty, or forfeiture". It is a criminal action instituted under the Criminal Code for violation of Section 145 of the Internal Revenue Code, by indictment returned by a Grand Jury, for which a criminal sanction is provided. It is in that respect wholly distinct and differentiated from recovery of taxes, fine, penalty or forfeiture, as contemplated by Section 3740, supra.

■ Regardless, defendants' contention is wholly without merit, when the record reveals that this criminal action is being presented by the duly appointed United States District Attorney for this District. As such, he is the Attorney General's representative in this District, recognized as such by law, who is not required to show specific authority to act in the instant matter.

Defendants, in Point 5 of their suggestions, seek the dismissal of the indictments on the ground that Section 147 of the Internal Revenue Code, which provides that all persons making payments of a particular kind in the amount of $600 or more in a taxable year shall render a return thereof to the Commissioner of Internal Revenue, does not denounce the failure to supply such information as a criminal offense, nor is there any penalty or punishment set forth in said section for its violation.

■ Defendants clearly misconceive the section of the Internal Revenue Code under which the indictment in Case No. 18715 is laid. Such indictment is laid under Section 145(a) of the Code, 26 U.S.C.A. § 145(a). In other words, Section 147 of the Internal Revenue Code prescribes the duty to be performed by a taxpayer. Section 145(a) defines a criminal offense for the failure of the taxpayer to perform the duty so imposed upon him by law. No fortifying authorities are necessary to sustain the proposition that in criminal procedure one statute may prescribe a duty and another statute make it a criminal offense for failure to perform that duty.

The Internal Revenue Code in many of its aspects prescribes various duties to be performed by taxpayers with reference to reporting and payment of revenues to the United States. Certain sections thereof prescribe civil as well as criminal penalties and sanctions for failure of the taxpayer to perform such duties. The sections thereof prescribing a penalty for failure to comply with other sections of the Code bear the same relation, as is often found in criminal codes generally, where one section defines the offense and a separate section prescribes a penalty therefor. Defendants are in error in assuming that the instant prosecutions are instituted under Section 147, and that the same may not be maintained because no punishment is set forth in Section 147 for failure to comply with the mandate thereof.

Under Point 6 of their suggestions, defendants contend that defendants Wyman and Rich may not be prosecuted on the charge laid in both counts of the indictment in Case No. 18718 because only one prosecution may be maintained against them in a calendar year for failure to comply with the mandate of Section 147.

As above pointed out, in Case No. 18715 the defendants Wyman and Rich are charged, along with Fischer and Leon, as being partners in C. J. Rich and Company, and with having failed to file Form 1096 as to certain payments made by that partnership during the year 1950.

In Count 1 of the indictment in No. 18718, Wyman and Rich are charged with having made and subscribed and filed a false annual information return with respect to a separate and distinct enterprise or partnership than that charged to exist in Case No. 18715.

Whether Wyman and Rich may be charged in more than one indictment with having failed to file annual information return Form 1096 with respect to each separate partnership arrangement existing between them in a given calendar year, we need not further sound out. Suffice to say such a situation patently is not here present. The charge made in Count 1 of the indictment in Case No. 18718 is that Wyman and Rich did make such a return, but falsely so, which they did not believe to be true and correct, and subscribed to such return, in violation of Section 3809(a) of the Internal Revenue Code. The charge made in the second count thereof is that they aided and abetted the filing of such return on behalf of the partnership, a distinct entity under the Internal Revenue Code, in violation of Section 3793(b)(1), supra. The charge so made in each count of the indictment in Case No. 18718 is clearly distinct from that alleged in Case 18715. The fact that in both counts of the indictment in Case No. 18718 the same false annual information return is involved does not militate against the prosecution of the defendants on each charge there made. "The work of preparation is ended before the duty to file begins." New York Cent. & H. R. R. Co. v. United States, supra, 166 F. at page 270. Hence, the making and filing of a false affidavit and the aiding and abetting the making of a false return are two separate offenses.

In light of the foregoing, defendants' motion to dismiss is overruled as to the indictment in Case No. 18715 in each of the assignments thereof. Their motion to dismiss is sustained as to Count 1 and overruled as to Count 2 of the indictment in Case No. 18718.

It Is So Ordered.