**UNITED STATES of America**
v.
**Simmie S. HORWITZ.**
**Cr. 432.**

United States District Court
N. D. Illinois, E. D.
Dec. 6, 1965.

Edward V. Hanrahan, U. S. Atty., Richard G. Schultz, Asst. U. S. Atty., Chicago, Ill., for United States.

Harvey M. Silets, Harris, Burman & Silets, Chicago, Ill., for Simmie S. Horwitz.

WILL, District Judge.

## MEMORANDUM OPINION

This case arises out of an indictment, returned June 15, 1965, charging that the defendant, Simmie S. Horwitz, wilfully and knowingly made and subscribed a 1958 corporate tax return verified by a written declaration that it was made under the penalties of perjury while knowing and believing that the return was not true as to every material matter, in violation of 26 U.S.C. § 7206 (1).

■ Defendant moves to dismiss the indictment, contending that it is barred by the applicable statute of limitations, 26 U.S.C. § 6531(5). Under the circumstances set out below, a single question is presented: When is the offense proscribed by § 7206(1) completed for purposes of starting the statutory period? Since the day of the offense is excluded and the day of indictment included, United States v. Mahler, 181 F.Supp. 900 (S.D.N.Y.1960), the indictment here before the court is barred only if the offense charged was committed prior to June 15, 1959.

■■ Defendant subscribed the return on June 12, 1959. A stamp mark on the return indicates that it was "Received" on June 16. While the date stamped on the return is not necessarily the actual day of receipt, see United States v. Mahler, supra, 181 F.Supp. at 902 n. 3, defendant does not contend that the return was received by the Internal Revenue Service on June 12, 13 or 14 which were a Friday, Saturday and Sunday respectively. For the reasons stated below, we hold that the conduct proscribed by § 7206(1) does not mature into an indictable offense until the date of the return's actual receipt by the Internal Revenue Service. Under these circumstances, a determination of the actual date of receipt, whether June 15 or 16, is unnecessary. The instant indictment is barred only if the return was received prior to June 15 and defendant does not contend that it was. Accordingly, his motion to dismiss the indictment must be denied.

The main thrust of the defendant's argument is that § 7206(1) is distinguished from other offenses detailed in the Internal Revenue Code by the element of subscription. Accordingly, he contends that the offense is complete the moment the allegedly false document is signed regardless of when filed or if never filed. Additionally, he notes that the statute refers to "making and subscribing" a return, suggesting that the placement of the word "make" before "subscribe" indicates a reference to the act of preparing the return to the exclusion of its filing, notwithstanding the fact that, in other sections of the Code, the phrase "make a return" has been construed to include and require the act of filing the return. Finally, the defendant points to United States v. Wyman, 125 F.Supp.

276 (W.D.Mo.1954). Wyman, while not dealing with the statute of limitations, states that the offense of falsely subscribing a return is committed at the place where the subscription is affixed and that a prosecution for the offense must therefore be brought in that district rather than in the district where the return was filed. The basis for this conclusion is not stated by the court and the opinion deals principally with the charge of aiding in the preparation and presentment of a false return brought against a co-defendant, the court holding that the act of mailing from the Eastern District to the Western District would not be treated as an act of presentation in the Western District.

We believe that this second aspect of the Wyman decision demonstrates the departure which Wyman makes from the general trend of case law both as to the main offense (i. e., falsely subscribing the return) and as to the offense of aiding in preparation and presentation. While the Wyman court cites United States v. Kelley, 105 F.2d 912 (2 Cir. 1939), it ignores the holding there that venue for the "aiding" offense can properly be laid at the place where the acts took effect, viz., where the return was filed.

The suggestion in Kelley is that the "secondary" offense of aiding in the preparation of a false return is not complete until the return is in fact presented and that the main offense of preparation would logically be treated in the same manner. This issue is not directly involved in Kelley but the approach there implied is stated explicitly in Butzman v. United States, 205 F.2d 343 (6 Cir. 1963) cert. denied 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353 (1963). Butzman holds that the "main" offense of fasely executing a document required by the internal revenue laws is not complete until the document is in fact filed. The statute involved in Butzman, like § 7206(1), contains no reference to "filing". Nevertheless, the court held that an offense against the United States requires actual filing of the return.

Kelley and Butzman thus lead this court to decline application of the conclusion reached in Wyman. In addition, the analysis underlying those decisions reveals the deficiencies in the other arguments presented by the defendant. While Congress may properly identify each of the several steps involved in compliance with the revenue laws and establish different penalties dependent on the particular conduct involved (e. g., where the statement is not only false [§ 7207], but additionally contains a signature made under penalties of perjury), this fact does not establish a rule of statutory construction. It does not require the conclusion that the specific language Congress has used to identify the distinction is the full measure of the offense to the exclusion of all other elements generally held to be necessary in order to state an offense against the United States. We would note in passing that a taxing system based on the citizen's obligation of self-assessment must have, as its logical corollary, the citizen's right of self-correction. It would not seem possible to conclude that obligations under the revenue laws have not been fulfilled until the opportunity for self-correction is lost, nor would it seem that any defect in a return could become material until such time as the return was actually filed.

In this same connection, the court concludes that neither defendant's argument as to the placement of the word "make", nor the government's contention that the term necessarily has the same meaning throughout the revenue laws, is relevant in determining when the offense is completed. Absent evidence of clear congressional intent, the serious consequences accompanying criminal liability cannot rationally depend on such insignificant considerations, particularly when legislation of the unequalled complexity of the internal revenue laws is involved.

As the decision in United States v. Mahler, supra, points out, the determination that the offense is not completed until the return is received is es-

sential to the concept of a statute of limitations. Were it otherwise, the individual making the return could substantially shorten the length of the statutory period by subscribing the return months before it was filed and then retain it so that the statute of limitations would be running long before the government had any notice of the offense.

The return here involved was not delivered to the Internal Revenue Service prior to June 15, 1959. Accordingly, the indictment returned June 15, 1965 was returned within the statutory period and defendant's motion to dismiss the indictment must be denied.